Commonwealth of Pennsylvania, Department of Public Welfare *v.* Thomas Jefferson University Hospital, Appellant.

Commonwealth of Pennsylvania, Department of Public Welfare *v.* The Hospital of The University of Pennsylvania, Appellant.

Argued October 4, 1977, before President Judge
Bowman and Judges Crumlish, Jr., Wilkinson, Jr.,
Rogers and Blatt.

*Alan Rosenberg*, with him *Tabas, Horwitz & Furlong*, for appellants.

*Robert B. Hoffman*, Assistant Attorney General,
for appellee.

Opinion by Judge Wilkinson, Jr., November 18,
1977:

This matter is before us on the motion of appellee
Department of Public Welfare (Department) to quash
appellants' consolidated appeals, which seek our re-

view of the action taken by the Department, as expressed in a letter to appellants from a Department staff attorney, declining to review a determination of the Philadelphia County Board of Assistance (Board) that 15 patients treated by appellants were not eligible for medical assistance. We grant the Department's motion.

Appellants, participants in the medical assistance program, provided hospital care to the 15 individuals for periods up to five weeks between April 1974 and April 1975. In January and February 1976, appellants wrote to the Department requesting "written explanations" and "definitive reviews" of the Board's determinations that the 15 were ineligible for medical assistance. On April 12, 1976, a staff attorney replied that since none of the individuals had appealed within 30 days of the Board's determination as to his or her claim, he "did not feel that our Department can undertake to discuss these cases at this time with consideration to possibly changing the original determination." Appellants' appeal and the Department's motion followed.

Appellants acknowledge that appellee's Medical Assistance Regulations afford them no formal right of appeal but contend that such a right exists on other grounds. They argue that the right of appeal is provided by Article Five, Section Nine of our state constitution, and that the legislation necessary to implement the constitutional provision is found in Section 403(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403(1). We have, however, repeatedly rejected similar arguments. *E.g., Newport Homes, Inc. v. Kassab*, 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975).

Appellants further contend that they enjoy a right of appeal under Section 41 of the Administrative

Agency Law (Law), Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.41.[1] By its express language, the applicability of that provision is dependent upon the existence of an "adjudication," as defined in Section 2(a) of the Law, 71 P.S. §1710.2(a). In our recent case of *Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. 19, 23, 372 A.2d 1233, 1235 (1977), we stated through Judge CRUMLISH that:

> [W]here an administrative agency or official refuses to hear the merits of a grievance at all, ruling merely that the grievance procedures are not available to the particular grievant, the action is not an adjudication and therefore not reviewable through appeal. . . .

Clearly, the letter from the Department staff attorney in this case, stating his opinion that the Department could not "discuss these cases" because of the failure of the 15 individuals to appeal, constitutes a refusal to hear the merits of appellants' grievance. Thus, under *Roberts, supra,* it is unappealable.

Appellants, nonetheless, claim that they cannot be denied the opportunity to appeal the Department's action on the basis of two Federal cases, *Aquavella v. Richardson*, 437 F.2d 397 (2d Cir. 1971) and *Temple University v. Associated Hospital Service of Philadelphia*, 361 F. Supp. 263 (E.D. Pa. 1973). We do not, however, find appellants' citations persuasive. These cases involved the right of *any* review of the agency decision there involved. In the instant case, all agree that the agency decision could have been reviewed by the timely appeal of the patients. In *Aquavella, supra,* the court expressly stated that the situation would be different if any method of review had been provided. "Where the Medicare Act establishes procedures for review of the Secretary's decision, a court may not re-

---

[1] Effective July 1, 1976, this section was suspended by Rule 5105(c) of the Rules of Appellate Procedure, Pa. R.A.P. 5105(c).

view that decision by any other means." 437 F.2d at 402.

Accordingly, we will enter the following

ORDER

Now, November 18, 1977, the motion to quash filed by the Department of Public Welfare on May 4, 1977 at Nos. 841-855 C.D. 1976, is hereby granted and the appeals of The Hospital of the University of Pennsylvania and Thomas Jefferson University Hospital are hereby dismissed.